# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAFAEL CASTILLO, JR.,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:13-cv-00360-HDM-WGC

**ORDER**

Before the court is respondents' motion to dismiss (#7).  Petitioner has not filed a response, and thus consents to the granting of the motion.  LR 7-2(d).  After reviewing the motion and the petition for a writ of habeas corpus (#4), the court grants the motion to dismiss.

Ground 5 is a claim that petitioner is actually innocent.  Respondents correctly argue that the Supreme Court of the United States has never clearly established that a stand-alone claim of actual innocence is addressable in federal habeas corpus.  The court dismisses ground 5.

Respondents also argue that petitioner has not exhausted his available state-court remedies for grounds 1, 2, and 4 of the petition.  Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

1    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

2    remedies only if he characterized the claims he raised in state proceedings specifically as federal

3    claims.  In short, the petitioner must have either referenced specific provisions of the federal

4    constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

5    2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

6    applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158

7    (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

8    insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

9    such as due process, equal protection, and the right to a fair trial, are insufficient to establish

10   exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

11       The court agrees with respondents.  Petitioner raised in his state habeas corpus petition the

12   claims now contained in grounds 1, 2, and 4.  See Ex. 48 (#10).  However, petitioner did not present

13   those claims to the Nevada Supreme Court in his appeal from the denial of his petition.  See Ex. 69,

14   at 7-10 (#11); Ex. 73, at 1-2 (#11).  Grounds 1, 2, and 4 are unexhausted.

15       The petition (#4) is mixed, containing both claims exhausted in state court and claims not

16   exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22

17   (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss

18   the unexhausted grounds 1, 2, and 4 and proceed with the remaining grounds, he may voluntarily

19   dismiss this action without prejudice while he returns to state court to exhaust grounds 1, 2, and 4,

20   or he may move to stay this action while he returns to state court to exhaust grounds 1, 2, and 4.  If

21   petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust,

22   his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

23   engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).

24       IT IS THEREFORE ORDERED that respondents' motion to dismiss (#7) is **GRANTED**.

25       IT IS FURTHER ORDERED that ground 5 of the petition is **DISMISSED**.

26       IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

27   of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes

28   to dismiss grounds 1, 2, and 4 of his petition (#4), and proceed only on the remaining grounds for

relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#4) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1, 2, and 4 of his petition (#4), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1, 2, and 4 of his petition (#4). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#4) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: November 13, 2013.

_____
HOWARD D. MCKIBBEN
United States District Judge

-3-